

```
                UNITED STATES DISTRICT COURT              F I L E D
                EASTERN DISTRICT OF TENNESSEE
                        AT KNOXVILLE                      AUG 2 5 2009

                                                      Clerk, U. S. District Court
                                                      Eastern District of Tennessee
                                                             At Knoxville
```

---------------------------------------------------------X
BROADCAST MUSIC, INC.;                              )
KEN ADAMANY, RICK NIELSEN, BRAD                     )
CARLSON, ROBIN ZANDER and TOM                       )
PETERSON, a partnership d/b/a ADULT                 )
MUSIC; SCREEN GEMS-EMI MUSIC,                       )   CIVIL ACTION NO.: 3:09-CV-377
INC.; WARNER-TAMERLANE                              )   Phillips/Guyton
PUBLISHING CORP; ELEKSYLUM                          )
MUSIC, INC.; NO SURRENDER MUSIC,                    )   **COMPLAINT**
a division of PRAXIS INTERNATIONAL                  )
COMMUNICATIONS, INC.; SONGS OF                      )
UNIVERSAL, INC.; PHILLIP H. GILLIN,                 )
an individual, d/b/a KINGS ROAD MUSIC;              )
HOUSE OF BRYANT PUBLICATIONS,                       )
LLC; UNIVERSAL- SONGS OF                            )
POLYGRAM INTERNATIONAL, INC.;                       )
ANTHONY L. RAY, an individual d/b/a                 )
MIX-A-LOT PUBLISHING; G DEGRAW                      )
MUSIC INC.,                                         )
                                                    )
            Plaintiffs,                             )
                                                    )
     v.                                             )
                                                    )
KNOXVILLE WINGS, INC. d/b/a                         )
WILD WING CAFÉ, DAVID L.                            )
MCFARLAND and CULLEN CORBETT,                       )
each individually,                                  )
                                                    )
            Defendants.                             )
                                                    )
---------------------------------------------------------X

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

Dockets.Justia.com

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant Knoxville Wings, Inc. is a corporation organized and existing under the laws of the state of Tennessee, which operates, maintains and controls an establishment known as Wild Wing Café, located at 11335 Campbell Lakes Drive, Knoxville, TN 37934, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant Knoxville Wings, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

7. Defendant Knoxville Wings, Inc. has a direct financial interest in the Establishment.

8. Defendant David L. McFarland is an officer of Defendant Knoxville Wings, Inc. with responsibility for the operation and management of that corporation and the Establishment.

9. Defendant David L. McFarland has the right and ability to supervise the activities of Defendant Knoxville Wings, Inc. and a direct financial interest in that corporation and the Establishment.

10. Defendant Cullen Corbett is an officer of Defendant Knoxville Wings, Inc. with responsibility for the operation and management of that corporation and the Establishment.

11. Defendant Cullen Corbett has the right and ability to supervise the activities of Defendant Knoxville Wings, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

12. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 11.

13. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

3

14. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

15. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

16. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

17. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

18. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

19. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: August 24, 2009

By:   s/James R. Newsom III
     James R. Newsom III
     Harris Shelton Hanover Walsh, PLLC
     One Commerce Square, Suite 2700
     Memphis, TN 38103
     (901) 525-1455
     jnewsom@harrisshelton.com

Attorneys for Plaintiffs